IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| FLOYD THURMAN,  Plaintiff,  vs.  ALLSTATE INS. CO., *et al.*,  Defendants. | Case No. 3:23-cv-0314  District Judge Thomas M. Rose  Magistrate Judge Caroline H. Gentry |

## REPORT AND RECOMMENDATION

This matter comes before the Court to consider whether it has subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). This Court previously entered an Order to Show Cause as to why this case should not be remanded for lack of subject-matter jurisdiction. (Doc. No. 7.) For the reasons discussed below, the undersigned Magistrate Judge concludes that Defendants have not met their burden of establishing that the amount-in-controversy requirement is met. The undersigned therefore **RECOMMENDS** that this matter be **REMANDED** to the Court of Common Pleas of Montgomery County, Ohio.

I. **BACKGROUND**

Plaintiff Floyd Thurman alleges that Defendants violated a homeowner's insurance policy by failing to cover losses caused by a windstorm and hailstorm. (Complaint, Doc. No. 5.) In his Complaint, which was originally filed in the Montgomery County Court of Common Pleas, Plaintiff asserts state-law claims for breach of contract and bad faith. (*Id.*) For each claim, Plaintiff alleges that he "has sustained losses and

1

damages, in an amount yet to be determined, but in excess of twenty-five thousand dollars ($25,000.00), according to proof at trial." (*Id*., PageID 26-27.) Plaintiff also seeks punitive damages in excess of $25,000 for each claim. (*Id*.) In his demand, Plaintiff seeks an award of compensatory damages in an amount in excess of $25,000, an award of punitive damages in an amount in excess of $25,000, attorneys' fees, costs, and pre-judgment interest. (*Id*., PageID 27-28.)

Defendants removed this lawsuit to this Court based upon diversity of citizenship under 28 U.S.C. § 1332. (Notice of Removal, Doc. No. 1.) In the Notice of Removal, Defendants stated that "the amount in controversy reasonably exceeds the value of $75,000.00," and that they "believe that the plaintiff is claiming in excess of $75,000.00 in damages." (*Id*., PageID 1.) Defendants did not allege facts to support either their belief that Plaintiff is claiming in excess of $75,000, or the reasonableness of such a claim. Instead, Defendants stated only that "[t]he action is based upon storm related damage to plaintiff's structure, content, interior, loss of use of the subject property . . . ." (*Id*.)

Upon review of Plaintiff's Complaint and the Notice of Removal, the undersigned concluded that Defendants had not plausibly alleged that the amount in controversy exceeds $75,000. Therefore, the Court issued an Order to Show Cause why this matter should not be remanded for lack of subject-matter jurisdiction. (Doc. No. 7.)

In their Response to the Order to Show Cause, Defendants stated:

Plaintiff's counsel has brought numerous actions similar to this action in which the demand has been greater than $75,000, and this case is similar to those, although no formal demand has been made, despite correspondence with Plaintiff's counsel requesting a demand.

2

> Plaintiff's contention is that his roof cannot be repaired but must be replaced, and although he has not submitted a formal demand nor a formal estimate, Allstate believes that Plaintiff's demand will be in excess of $100,000 . . . .
>
> In addition to this pattern of demands, Plaintiff has brought a cause of action for bad faith. Pursuant to Ohio Rev. Code § 2315.21(D)(2)(c), claims for bad faith allow for double damages.

(Doc. No. 10, PageID 41.) Defendants concluded that "the amount in controversy . . . is greater than $75,000 to the best of the knowledge of Allstate . . . ." (*Id.*, at PageID 42.)

## II.  LEGAL STANDARD

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . . , which is not to be expanded by judicial decree[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). This Court has a duty to review *sua sponte* whether subject-matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

If the Court's subject-matter jurisdiction is uncertain, then this Court must strictly construe the removal statutes and resolve all doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). This rule "makes sense" because if the Court finds that it lacks jurisdiction at any point of the proceedings (including on appeal) then it must dismiss the case and nullify all proceedings up to that

3

point, "which serves no one's interests." *Total Quality Logistics, LLC v. Franklin*, No. 1:19-cv-266, 2020 U.S. Dist. LEXIS 155757, *8 (S.D. Ohio Aug. 27, 2020) (Cole, D.J.) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)).

Diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The amount in controversy is determined as of the date the complaint is filed. *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990).

When the plaintiff specifies an amount of damages in the complaint and has a good-faith basis for doing so, the removing defendant can generally rely on that monetary demand to satisfy the amount-in-controversy requirement. 28 U.S.C. § 1446(c)(2). Such reliance is not permitted, however, if it appears to a legal certainty that damages cannot be recovered in that amount. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1937)).

If the plaintiff does not specify an amount of damages in excess of $75,000 in the complaint, then the defendant's notice of removal must include a plausible allegation that the amount-in-controversy requirement is met. 28 U.S.C. § 1446(c)(2)(A)(ii); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). This happens regularly in this Court because the Ohio Rules of Civil Procedure bar most plaintiffs from specifying an amount of damages in excess of $25,000. *See* Ohio R. Civ. P. 8(A)(2).

If no one questions the amount in controversy pled in the notice of removal, then the removing defendant need take no further action. If, however, "the plaintiff contests, or the court questions, the defendant's allegation" regarding the amount in controversy,

4

then the removing defendant must prove by a preponderance of the evidence that it exceeds $75,000. *Dart Cherokee*, 574 U.S. at 89 (citing 28 U.S.C. § 1446(c)(2)(B)). *Accord Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (holding that the party invoking a federal court's subject-matter jurisdiction bears "the burden of demonstrating ***by competent proof*** that the complete-diversity and amount-in-controversy requirements are met") (emphasis added).

The Court may rely on "reasonable inferences and deductions" when determining whether the amount-in-controversy requirement has been met. *Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1269 (S.D. Fla. Jan. 24, 2020). Notably, the Court is not "bound by the plaintiff's representations regarding" his or her estimate of the amount in controversy. *Id.*; *accord Graves v. Standard Ins. Co.*, No. 18-5449, 2019 U.S. App. LEXIS 27526, *8-9 (6th Cir. Sept. 11, 2019) ("Despite Graves' statement under oath that the value of her claims was 'at least $883,000,' we conclude that the district court clearly erred in finding that the amount in controversy more likely than not was more than $75,000 at the time of removal").

### III. ANALYSIS

Defendants urge the Court to credit their unsubstantiated "belie[f] that Plaintiff's demand will be in excess of $100,000." (Doc. No. 10 at PageID 41.) The Court cannot do so. As noted above, Defendants must prove by a preponderance of the evidence that the amount-in-controversy requirement is met. While this standard does not "require[] the defendants to research, state[,] and prove the plaintiff's claim," *Halsey v. AGCO Corp.*, 755 Fed. Appx. 524, 527 (6th Cir. 2018) (internal citations omitted), it "still requires

evidence." *Total Quality Logistics*, 2020 WL 5051418, at *5. A defendant's "conclusory 'belief' that the amount of damages sought exceeds $75,000 does not suffice to carry its burden of establishing federal jurisdiction." *Bower v. Am. Cas. Co.*, No. 99-4102, 2001 U.S. App. LEXIS 18053, at *10 (6th Cir. Aug. 6, 2001).

Defendants also argue that Plaintiff's damages will likely exceed the jurisdictional threshold because in "similar actions," Plaintiff's counsel demanded more than $75,000. (Doc. No. 10, PageID 41.) As an initial matter, the Court is not bound by a plaintiff's own estimation of his damages, particularly if it is unsubstantiated. *Graves*, 2019 U.S. App. LEXIS 27526, *8-9. But even if Defendants had alleged that Plaintiff's counsel was ***awarded*** more than $75,000 in similar actions, such an allegation would be insufficient. Awards in similar cases can provide evidence of an amount in controversy, *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 Fed. Appx. 463 (6th Cir. 2019), but only if the removing defendant establishes that the analogous cases are factually similar. *Ketchup v. Gruma Corp.*, No. EDCV 23-213, 2023 WL 2074290, at *4 (C.D. Cal. Feb. 16, 2023) ("District courts may demand a high level of factual similarity. Where a defendant fails to . . . thoroughly explain why an award is factually similar to the case at hand, a district court may find the argument too speculative to credit . . ."). That has not been done here.

Finally, Defendants argue that Plaintiff's demand for punitive damages suffices to meet the amount-in-controversy requirement. (Doc. No. 10.) It is true that an Ohio claim for bad faith allows for an award of punitive damages in an amount of up to twice the economic damages awarded. O.R.C. § 2315.21(D)(2)(a). But this fact does not aid Defendants because they did not plausibly allege or prove the amount of Plaintiff's

6

economic damages. The amount-in-controversy requirement is not satisfied by the mere possibility that Plaintiff will be awarded punitive damages in an amount of up to twice an ***unspecified*** amount of economic damages. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (defendants "must do more than show a mere possibility that the jurisdictional amount is satisfied"). "A conclusion to the contrary would extend federal jurisdiction to every case in which a plaintiff seeks punitive damages from a diverse defendant and undermine the fundamental nature of federal courts as courts of limited jurisdiction." *Bower*, 2001 U.S. App. LEXIS 18053, *10-11.

## IV. CONCLUSION

For these reasons, the undersigned concludes that Defendants have not proven, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Moreover, if there is any doubt as to whether the Court has subject-matter jurisdiction—and the undersigned finds that there is ample doubt in this case—then the proper course of action is to remand the matter to state court. *Brierly*, 184 F.3d at 534; *Total Quality Logistics, LLC*, 2020 U.S. Dist. LEXIS 155757, *8.

Accordingly, the undersigned **RECOMMENDS** that the Court **REMAND** this matter to the Court of Common Pleas of Montgomery County, Ohio.

**IT IS SO RECOMMENDED.**

                                               */s/ Caroline H. Gentry*
                                               Caroline H. Gentry
                                               United States Magistrate Judge

Procedure On Objections

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).